IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEGE, LLC.
and
THOMAS HUFF,
    Plaintiffs,

Jury Trial Demanded

v.

Civil action number: 1:21-cv-4367-MLB

DARREN INDYKE,
as co-executor of the estate of Jeffrey E. Epstein

and

RICHARD KAHN,
as co-executor of the estate of Jeffrey E. Epstein

_____/

**COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FRAUD IN THE INDUCEMENT**

1.

The Plaintiff, JEGE, LLC ( hereinafter "JEGE") is a Georgia limited liability company authorized to transact business in the state of Georgia. Its principal office is located in Cobb County Georgia. It operates a Gulfstream jet providing fractionalizing ownership and charter transportation to traveling customers.

2.

The Plaintiff, THOMAS HUFF, is an individual and is the Managing Member of JEGE.

3.

Some of the acts complained of herein occurred in the state of Georgia and therefore jurisdiction and venue are proper.

4.

Jeffrey E. Epstein was the former managing member of the Plaintiff limited liability company.

5.

This is an action for breach of fiduciary duty by Jeffrey E. Epstein. Mr. Epstein committed egregious and atrocious crimes against children during the time he was the managing member and sole member of the Plaintiff limited liability company. As a result, the JEGE been damaged by the stigma attached to the company which is resulted in loss of business and devaluation of assets.

6.

This is also an action for fraud and fraud in the inducement. Mr. Epstein sold Thomas Huff, controlling interest in JEGE without disclosing a material fact, to wit: that Jeffrey E. Epstein was engaged in a massive criminal enterprise involving rape, sex trafficking, sexual abuse, physical assault, blackmail, intimidation, fraud, and deceit.

7.

Defendants Indyke and Khan are co-executors of the Estate of Jeffrey E. Epstein.

8.

Upon information and belief, at the time of his death, Jeffrey E. Epstein was domiciled in this State of New York, and thus for the purposes of federal diversity jurisdiction pursuant to 28 USC § 1332 is a citizen of the State of New York.

9.

Jeffrey E. Epstein died, by apparent suicide, on August 10, 2019, while imprisoned in New York State.

10.

Upon information and belief, the Estate of Jeffrey E. Epstein was opened in the United States Virgin Islands, St. Thomas division, and is the legal entity responsible for the actions complained of herein.

11.

In addition, this Court has jurisdiction pursuant to 28 USC § 1332 and that the Plaintiffs are citizens and residents of the state of Georgia, the Defendants, in their capacity as Estate co-executors, are citizens of the state in which the decedent was domiciled (here, New York), and the matter in controversy exceeds the sum or

value of $75,000 exclusive of costs and interest. Thus federal diversity jurisdiction exists.

12.

This Court also has supplemental jurisdiction pursuant to 28 USC § 1367 over claims arising under the laws of the State of Georgia, as they are so related to the claims in this action arising under the laws of the United States as to form part of the same case and controversy under Article III of the United States Constitution.

13.

This Court is proper venue for this action pursuant to 28 USC § 1391(b)(2) and that a substantial part of the events and omissions that gave rise to this action occurred in this judicial district.

## COUNT I-BREACH OF FIDUCIARY DUTY

14.

The Plaintiffs incorporate paragraphs 1 through 13 as a fully incorporated herein.

15.

Jeffrey E. Epstein, as managing member of JEGE had a confidential relationship with JEGE.

16.

Jeffrey E. Epstein, as managing member of JEGE had a duty of loyalty; a duty to avoid conflicts of interest; and to not engage in acts or omissions which would undermine the value of JEGE, its assets, and business.

17.

Jeffrey E. Epstein as an officer, director, and managing member of JEGE owed JEGE the fiduciary duties of candor, due care, loyalty, and, not to serve his own interests in a manner that would undermine the value of JEGE.

18.

Acting in his own interests, Jeffrey E. Epstein violated his fiduciary duty to JEGE by engaging in improper, and criminal sexual relationships with young and underaged girls which included rape, sexual abuse, physical assault, child molestation, and child sexual trafficking during the time that he was an officer, director, and managing member of JEGE.

19.

Jeffrey E. Epstein's silence lies were a breach of the duty of candor. He knew or should have known that his ongoing criminal enterprise would undermine the value of JEGE if and when it was discovered.

20.

Jeffrey E. Epstein knew or should have known that his criminal acts which resulted in the victimization and sexual exploitation against reportedly over 100 children would, if and when discovered, have a dramatic impact on the assets and value of JEGE.

21.

Just prior to Jeffrey E. Epstein's arrest, he sold and transferred interest in his managing membership to the plaintiff, Thomas Huff.

22.

At the time of the transfer, the company had assets in excess of 3.5 million dollars.

23.

After Mr. Epstein's arrest and his criminal activity victimizing children became a matter of public knowledge, the assets of the company immediately depreciated in an amount in excess of 1.5 million dollars. Additionally, JEGE was not able to obtain financing, not because of credit worthiness, but because of the stigma of Jeffrey E. Epstein's victimization of children attached to JEGE.

24

JEGE's customers, some of which are very well known to the public, are tracked, surveilled, and reported to the press for using, what they believed to be Jeffrey Epstein's company.

## COUNT II- FRAUD IN THE INDUCEMENT

25.

The Plaintiffs reallege and incorporate paragraphs one through 24 as if fully incorporated herein.

26.

Thomas Huff purchased, JEGE, LLC from Jeffrey E. Epstein in June 2019.

27.

Jeffrey E. Epstein by and through his agents came to Georgia and brought the Gulfstream aircraft to Georgia for the potential sale to Thomas Huff.

28.

Jeffrey E. Epstein failed to disclose his criminal enterprise which if discovered would adversely affect the value of JEGE, LLC. He intentionally concealed this material fact which, if known at the time by Thomas Huff, he would not have purchased JEGE, LLC.

27.

Upon Mr. Epstein's arrest and his crimes against children becoming public knowledge, Thomas Huff contacted Jeffrey E. Epstein's counsel and gave him notice of rescission of the purchase agreement. This was rejected by Jeffrey E. Epstein.

28.

Mr. Epstein committed fraud by failing to disclose a material fact that could not have been known through any amount of due diligence by Thomas Huff.

29.

JEGE, LLC was damaged by loss of value of its tainted assets by the attached stigma from Jeffrey Epstein's criminal acts.

Wherefore, the plaintiffs pray:

a) for judgment in favor of the Plaintiff's;

b) for compensatory damages for the loss of value of the company's assets;

c) for special damages;

d) for a trial by jury;

e) for attorney's fees;

f) for other relief that the Court deems just and proper;

Respectfully submitted this 20th day of October 2021.

                                        */s/ Jeff Banks*
                                        Jeff Banks
                                        GA Bar # 005445

Jeff Banks
Banks and Riedel, PC
PO Box 2719
Kennesaw, Georgia 30156
478 254 3032
jeffsbanks@hotmail.com

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

Pursuant to Local Rule 5.1 and Standing Order 19-01, this pleading is typed in Times New Roman,14 font.

                                        */s/ Jeff Banks*
                                        Jeff Banks
                                        GA Bar # 005445

Jeff Banks
Banks and Riedel, PC
PO Box 2719
Kennesaw, Georgia 30156
478 254 3032
jeffsbanks@hotmail.com