# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JEGE, LLC.
and
THOMAS HUFF,
    Plaintiffs,

Jury Trial Demanded

v.

Civil action number:

DARREN INDYKE,
as co-executor of the estate of Jeffrey E. Epstein

1:21-cv-4367-MLB

and

RICHARD KAHN,
as co-executor of the estate of Jeffrey E. Epstein

_____/

## AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FRAUD IN THE INDUCEMENT

### Jurisdiction and Venue

1.

The Plaintiff, JEGE, LLC ( hereinafter "JEGE") is a Georgia limited liability company. It as a citizen of the State of Georgia. Its principal office is located in Cobb County Georgia.

2.

The Plaintiff, THOMAS HUFF, is an individual and is the sole member and the Managing Member of JEGE, LLC.  He is a citizen of the state of Georgia and he resides in Cobb County Georgia.

3.

Jeffrey Epstein was a citizen of the United States domiciled in the U.S. Virgin Islands at the time of his death. As legal representatives of Statement Jeffrey Epstein, Darren K. Indyke and Richard D. Kahn are deemed citizens of the US Virgin Islands, and jurisdiction in this court is therefore proper. 28 U.S.C.S. U.S.C.S § 1332 (b)(2)

4.

This Court has jurisdiction pursuant to 28 U.S.C.S § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

5.

Jurisdiction and venue is proper pursuant to Georgia's Long Arm Statute O.C.G.A.§9-10-91, and O.C.G.A. .§9-10-93

6.

The acts complained of herein occurred in the state of Georgia and therefore jurisdiction and venue are proper. 28 U.S.C.S. U.S.C.S § 1332 (b)(2)

7.

This Court is proper venue for this action pursuant to 28 USC § 1391(b)(2) and that a substantial part of the events and omissions that gave rise to this action occurred in this judicial district

**Facts Common to All Counts**

8.

The Plaintiff, JEGE, LLC ( hereinafter "JEGE") is a Georgia limited liability company authorized to transact business in the state of Georgia It operates a Gulfstream jet providing fractionalizing ownership to customers.

9.

Some of the acts complained of herein occurred in the state of Georgia and therefore jurisdiction and venue are proper. O.C.G.A.§9-10-91, and O.C.G.A. .§9-10-93

10.

Jeffrey E Epstein was the former managing member of the Plaintiff limited liability company.

11.

This is an action for breach of fiduciary duty by Jeffrey E Epstein. Mr. Epstein committed egregious and atrocious crimes against children during the time

he was the managing member and sole member of the plaintiff limited liability company. As a result, the JRGE been damaged by the stigma attached to the company which is resulted in loss of business and evaluation of assets.

12.

This is also an action for fraud and fraud in the inducement. Mr. Epstein sold Thomas Huff, controlling interest in JEGE without disclosing a material fact, to wit: that Jeffrey E Epstein was engaged in a massive criminal enterprise involving rates, sex trafficking, sexual abuse, physical assault, blackmail, intimidation, fraud, and deceit.

13

Defendants Indyke and Khan are co-executors of the Estate of Jeffrey E Epstein.

.

14.

Jeffrey E Epstein died, by apparent suicide, on August 10, 2019, while imprisoned in New York State.

.

COUNT I-BREACH OF FIDUCIARY DUTY

15.

The Plaintiffs incorporate paragraphs 1 through 14 as a fully incorporated herein.

16.

Jeffrey E Epstein, as managing member of JEGE had a confidential relationship with JEGE.

17.

Jeffrey E Epstein, as managing member of JEGE had a duty of loyalty; a duty to avoid conflicts of interest; and to not engage in acts or omissions which would undermine the value of JEGE, its assets, and business.

18.

Jeffrey E Epstein as an officer, director, and managing member of JEGE owed JEGE the fiduciary duties of candor, due care, loyalty, and, not to serve his own interests in a manner that would undermine the value of JEGE.

19.

Acting in his own interests, Jeffrey Epstein violated his fiduciary duty to JEGE by engaging in improper, and criminal sexual relationships with young and underaged girls which included rape, sexual abuse, physical assault, child

molestation, child sexual trafficking during the time that he was an officer, director, and managing member of JEGE.

20.

Jeffrey Epstein's silence lies were a breach of the duty of candor. He knew or should have known that his ongoing criminal enterprise would undermine the value of JEGE if and when it was discovered.

21.

Jeffrey Epstein knew or should have known that his criminal acts which resulted in the victimization and sexual exploitation against reportedly over 100 children would, if and when discovered, have a dramatic impact on the assets and value of JEGE.

22.

Just prior to Jeffrey Epstein's arrest, he sold and transferred interest in his managing membership to the plaintiff, Thomas Huff.

23.

At the time of the transfer the company had assets in excess of 3.5 million dollars.

24.

After Mr. Epstein's arrest and his criminal activity victimizing children became a matter of public knowledge, the assets of the company immediately depreciated in an amount in excess of 1.5 million. Additionally, JEGE was not able to obtain financing, not because of credit worthiness, but because of the stigma, Jeffrey Epstein's victimization of children attached to JEGE.

25

JEGE's customers, some of which are very well known to the public, are tracked, surveilled, and reported to the press for using, what they believed to be Jeffrey Epstein's company.

## COUNT II- FRAUD IN THE INDUCEMENT

26.

The Plaintiffs reallege and incorporate paragraphs one through 25 as if fully incorporated herein.

27.

Thomas Huff purchased, JEGE, LLC from Jeffrey E. Epstein in June 2019.

28.

Jeffrey Epstein by and through his agents came to Georgia and brought the Gulfstream aircraft to Georgia for the potential sale to Thomas Huff.

29.

Jeffrey Epstein failed to disclose his criminal enterprise which if discovered would adversely affect the value of JEGE, LLC. He intentionally concealed this material fact which, if known at the time by Thomas Huff, he would not have purchased JEGE, LLC.

30.

Upon Mr. Epstein's arrest and his crimes against children becoming public knowledge, Thomas Huff contacted Jeffrey Epstein's counsel and gave him notice of rescission of the purchase agreement. This was rejected by Jeffrey Epstein.

31.

Mr. Epstein committed fraud by failing to disclose a material fact that could not have been known through due diligence by Thomas Huff.

32.

JEGE, LLC was damaged by loss of value of its tainted assets by the attached stigma from Jeffrey Epstein's criminal acts.

Wherefore, the plaintiffs pray:

a) for judgment in favor of the plaintiff's;
b) for compensatory damages for the loss of value of the company's assets;
c) for special damages;
d) for a trial by jury;
e) for attorneys fees;

f) for other relief that the Court deems just and proper;

Respectfully submitted this _7th____ day of _December__. 2021

                                     */s/ Jeff Banks*
                                     Jeff Banks
                                     GA Bar # 005445

Jeff Banks
Banks and Riedel, PC
PO Box 2719
Kennesaw, Georgia 30156
478 254 3032
jeffsbanks@hotmail.com

CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

Pursuant to Local Rule 5.1 and Standing Order 19-01, this pleading is typed in Times New Roman,14 font.

                                     */s/ Jeff Banks*
                                     Jeff Banks
                                     GA Bar # 005445

Jeff Banks
Banks and Riedel, PC
PO Box 2719

Kennesaw, Georgia 30156
478 254 3032
jeffsbanks@hotmail.com